WO                                                                                               SC

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rory Foster, | No. CV 19-05715-PHX-JAT (DMF) |
| Petitioner, | |
| v. | **ORDER** |
| U.S. Department of Homeland Security, | |
| Respondent. | |

Petitioner Rory Foster, a Kansas prisoner who is confined in the Saguaro Correctional Center in Eloy, Arizona, filed a pro se "Motion Initiating Order of Removal Proceeding" (hereafter "Motion for Removal"), which the Clerk of Court filed as a Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in Federal Custody (Doc. 1). Petitioner also filed an "Affidavit of Financial Statement," which the Clerk of Court filed as an Application to Proceed In Forma Pauperis (Doc. 2).[1] In addition, Petitioner filed a motion for appointment of counsel (Doc. 3).

Petitioner is a native and citizen of Jamaica. He was convicted in Kansas state court of first-degree murder, rape, aggravated kidnapping, aggravated arson, aggravated criminal sodomy, aggravated battery, and criminal threat and was sentenced to a total sentence of 81 years. *See State v. Foster*, 233 P.3d 265, 270 (Kan. 2010).

---

[1] Petitioner filed a petition for writ of mandamus in United States District Court for the District of Kansas on May 4, 2020. *See Foster v. Dep't Homeland Sec.*, No. 5:20cv03128 (D. Kan. May 4, 2020), Doc. 1.

In his Motion for Removal, Petitioner seeks his immediate removal from the United States to Jamaica.  Attached to his Motion is a September 29, 2009 letter from United States Immigration and Customs Enforcement (ICE) in response to Petitioner's letter to the Office of Detention and Removal Operations (DRO) for ICE.  In the letter, Dr. Char Wittenberg noted that Petitioner was not in ICE custody and that no ICE detainer had been lodged against him.  Dr. Wittenberg stated that Petitioner's letter would be forwarded to DRO Field Office for any action deemed appropriate.  (Doc. 1 at 7.)  Also attached to the Motion for Removal is a copy of a United States Department of Homeland Security (DHS) Immigration Detainer-Notice of Action dated November 12, 2009, which was sent to the Kansas Department of Corrections, i.e., an immigration detainer.  (*Id.* at 8.)

As Petitioner has been previously informed at least twice before, the timing of Petitioner's removal is within the discretion of the United States Attorney General while Petitioner is serving a state sentence.  *See Foster v. United States Dep't of Homeland Security*, No. 5:11cv03163-SAC (D. Kan. Oct. 25, 2011), Doc. 4 at 3.  That is, this Court has no jurisdiction in habeas corpus or mandamus "to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien. . . .  8 U.S.C. § 1252(g).

It is well-settled that Petitioner does not have a private right of action to compel the Attorney General to remove him from the United States before he completes his criminal sentence.  *Thye v. United States*, 109 F.3d 127 (2d Cir. 1997) (8 U.S.C. § 1231(a)(4)(D), formerly § 1252(h)(2)(A), does not create private right of action that allows convicted alien to compel Attorney General to expedite deportation); *Caicdeo v. United States*, No. 16cv06330, 2016 WL 7441642, at * (W.D. N.Y. Dec. 23, 2016) (same); *United States v. Aispuro*, 127 F.3d 1133, 1134 (9th Cir. 1997) (per curiam) (same); *Cabrera v. Culpepper*, No. 3:09cv483, 2009 WL 4048239, at *3 (N.D. Fla. Nov. 19, 2009) (citing 8 U.S.C. § 1231(a)(4)(D)); *Lynch v. United States*, No. 07cr00829, 2009

WL 2045382, at *1 (E.D.N.Y. July 8, 2009) (denying pro se motion for immediate removal, which the district court construed as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, on ground that Attorney General, not district court, has discretion to grant relief sought by petitioner under 8 U.S.C. § 1231(a)(4), and petitioner lacked a private right of action under § 1231(a)(4) to compel Attorney General to remove him from United States before completion of criminal sentence); *Espinal v. INS*, No. 4:07cv3370, 2008 WL 161920, at *2 (N.D. Ohio Jan.15, 2008) (even if petitioner was in DHS custody, he had no constitutional or statutory right to expedited deportation and lacked standing to seek mandamus relief to obtain expedited deportation hearing before targeted date of release from incarceration, citing 8 U.S.C. § 1231(a)(4)(D)).

Finally, the court does not have jurisdiction under the habeas corpus statutes because the filing of a detainer, standing alone, does not cause Petitioner to come within the custody of DHS for purposes of habeas corpus jurisdiction. *See Campos v. INS*, 62 F.3d 311, 414 (9th Cir. 1995); *accord Pham Huu Duc v. United States*, No. 2014 WL 4273252, at *2 (C.D. Cal. Aug. 28, 2014) (petitioner in custody pursuant to criminal conviction, not immigration detainer and noting an immigration detainer is "merely a request to a law enforcement agency or prison to notify DHS before it releases an alien upon completion of his criminal sentence); *see also Sierra v. Department of Homeland Sec.*, No. 5:07cv00036, 2008 WL 2157089, at *2-3 (N.D. Fla. May 21, 2008) (dismissing on jurisdictional grounds petitioner's habeas corpus petition challenging ICE detainer). Because there is no basis upon which this Court can grant Petitioner's Motion for Removal, his Motion for Removal will be denied and this case dismissed. The Court will deny the Affidavit of Financial Statement and motion for appointment of counsel as moot.

**IT IS ORDERED:**

(1)   Petitioner's "Motion Initiating Order of Removal Proceeding" (Doc. 1) is **denied** and this case is **dismissed**.

. . . .

- 3 -

1    (2)    Petitioner's "Affidavit of Financial Statement" (Doc. 2) and motion for
2 appointment of counsel (Doc. 3) are **denied** as moot.
3    (3)    The Clerk of Court must enter a judgment of dismissal of this action for
4 lack of jurisdiction.

Dated this 23rd day of June, 2020.

James A. Teilborg
Senior United States District Judge